**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:**

**TATIANA PINTO,**

    **Plaintiff,**

**v.**

**HARTZELL CONSTRUCTION, INC.,**

    **Defendant.**
_____/

**COMPLAINT**

Plaintiff, TATIANA PINTO ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant, HARTZELL CONSTRUCTION, INC. ("Defendant"), and in support states as follows:

**JURISDICTION AND VENUE**

1. This action seeks damages in excess of $30,000.00, independent of attorney's fees, costs, and interest, as a result of Defendant's sexual harassment of Plaintiff's employment in violation of Title VII and the Florida Civil Rights Act, §760.01, et seq., Florida Statutes ("FCRA").

2. Defendant is a Florida Profit Corporation with its principal place of business Broward County Florida.

3. Defendant operates a construction company.

4. Plaintiff was at all relevant times a resident of Broward County, Florida.

5. Plaintiff was at all relevant times an employee of Defendant.

6. At all relevant times, Defendant was Plaintiff's employer and employed no less than 15 or more employees for each of 20 or more work weeks in the current or preceding year.

7. Defendants is accordingly an "employer" as defined by Title VII and the FCRA.

8. Plaintiff alleges causes of action for sexual harassment under Title VII and the FCRA, as a result of the sexual harassment she experienced by Defendant.

9. The violations complained of herein occurred in Broward County, Florida.

10. As more fully set forth below, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") in April 2022, claiming discrimination and hostile work environment based on sexual discrimination.

11. Plaintiff's Charge of Discrimination was dual filed with the Florida Commission on Human Relations ("FCHR"), the state equivalent of the EEOC.

12. On July 28, 2022 a notice of right to sue was received by Plaintiff in which no determination was made.

13. Plaintiff has accordingly exhausted her administrative remedies prior to initiating the instant suit.

## FACTUAL ALLEGATIONS

14. Plaintiff became employed by Defendants on December 15, 20215 as a permit runner.

15. Plaintiff's job required her to take permits to different municipalities and obtain copys and to submit paperwork with the municipalities.

16. As such she would not go to the main office location everyday, however when she did she was anxious and scared as the President of the company "Edward Holman" would everyday he saw her try to hug her and kiss her on the lips.

17. Edward would grab tight when he hugged her in order to feel her curves and would forcefully try to kiss her on the lips making contact most days.

18. This was an action that happened at least once every time she would go to the main office location for Defendant and Edward Holman was present and saw her.

2

19. Plaintiff eventually would seek reasons to stay as far away from the office as she could including taking as many permit running jobs that had her go to municipalities away from the main office location.

20. She did this due to the anxiety and fear she felt of possibly seeing Edward Holman and having to kiss him.

21. Edward Holman would even try to kiss her on the lips during the Covid 19 Pandemic.

22. Even though there were talks about maintaining distance to not spread the virus Edward did not care when it came to Plaintiff.

23. These actions were also done by Edward Holman's daughter who also worked at the location.

24. One day Plaintiff felt someone grab her buttocks and turned to see Holman's daughter with her hand on Plaintiff's buttocks and proclaim, "look at this ass!" to all people present including Edward Holman.

25. Plaintiff saw Edward Holman glare at her buttocks and later would request a hug which ended in a squeeze of her buttocks.

26. In June of 2021 Plaintiff could not take it anymore and was constructively discharged.

27. Plaintiff to this day has trepidations and fear that she will be sexual harassed at her subsequent employment and has developed anxiety and depression from the improper sexual harassment she suffered from Edward Holman and his daughter.

## COUNT I
*Sexual Harassment in Violation of the FCRA*
*Wrongful Termination*

28. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-27 above as if set out in full herein.

29. Plaintiff is a member of a protected class under the FCRA.

30. By the conduct describe above, Defendants have engaged in discrimination against Plaintiff because of Plaintiff's gender and subjected the Plaintiff to sexual harassment-based animosity.

31. Such discrimination was based upon the sexual harrasment in that Plaintiff would not have been the object of discrimination but for the fact that Defendant sexually harassed Plaintiff.

32. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendants and their supervisory personnel were aware that discrimination on the basis of sexual harassment was unlawful but acted in reckless disregard of the law.

33. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

34. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

35. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

36. The conduct of Defendants, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

37. The actions of the Defendants and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and

federal law, to punish the Defendants for their actions and to deter them, and others, from such action in the future.

38. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendants' discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendants:

- a. Adjudge and decree that Defendants have violated the FCRA, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;
- b. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;
- c. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;
- d. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;
- e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and
- f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## **COUNT II**
### *Sexual Harassment in Violation of the FCRA*
### *Hostile Work Environment*

39. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-27 of this

complaint as if set out in full herein.

40. Plaintiff is a member of a protected class under the FCRA.

41. As part of its protections, the FCRA prohibits sexual harassment.

42. The conduct to which Plaintiff was subjected was severe, pervasive, physically threatening, humiliating, and unreasonably interfered with Plaintiff's work performance in violation of the FCRA.

43. The harassing conduct to which Plaintiff was subjected was perpetrated against him as a result of her gender (female), and constituted actionable sexual harassment..

44. Defendants' alleged bases for the adverse conduct against Plaintiff are pretextual and asserted only to cover up the harassing, discriminatory, and retaliatory nature of their conduct.

45. As a result of the sexually harassing conduct to which Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits.  Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendants:

   a. Adjudge and decree that Defendants have violated the FCRA, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   b. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   c. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

    d. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

    e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
*Sexual Harassment in Violation of Title VII*
*Wrongful Termination*

46. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-27 above as if set out in full herein.

47. Plaintiff is a member of a protected class under Title VII.

48. By the conduct describe above, Defendants have engaged in discrimination against Plaintiff because of sexual harassment and subjected the Plaintiff to sexual harassment-based animosity.

49. Such discrimination was based upon the sexual harassment in that Plaintiff would not have been the object of discrimination but for the fact that Defendant sexually harassed Plaintiff.

50. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and their supervisory personnel were aware that discrimination based on sexual harassment was unlawful but acted in reckless disregard of the law.

51. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

52. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

53. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

54. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

55. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to state and federal law, to punish the Defendant for their actions and to deter them, and others, from such action in the future.

56. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant have violated Title VII, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   c. Enter an award against Defendant and award Plaintiff compensatory damages for

mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
*Sexual Harassment in Violation of Title IV*
*Hostile Work Environment*

57. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-27 of this complaint as if set out in full herein.

58. Plaintiff is a member of a protected class under Title VII.

59. As part of its protections, Title VII prohibits sexual harassment.

60. The conduct to which Plaintiff was subjected was severe, pervasive, physically threatening, humiliating, and unreasonably interfered with Plaintiff's work performance in violation of Title VII.

61. The harassing conduct to which Plaintiff was subjected was perpetrated against him as a result of her gender (female) and constituted actionable sexual harassment.

62. Defendant's alleged bases for the adverse conduct against Plaintiff are pretextual and asserted only to cover up the harassing, discriminatory, and retaliatory nature of their conduct.

63. As a result of the sexually harassing conduct to which Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and

will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant have violated Title VII, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on each of her above claims.

Dated:      10/25/22                             Respectfully submitted.

                                                 GALLARDO LAW OFFICE, P.A.
                                                 8492 SW 8th Street
                                                 Miami, Florida 33144
                                                 Telephone: (305) 261-7000
                                                 Facsimile: (786) 527-3242


                                                 By: s/ Elvis J. Adan
                                                 Elvis J. Adan, Esq.
                                                 Fla. Bar No.: 24223